IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KASHIF FAHEEM DANIEL, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-2492 |
| | : | |
| AUGUSTINE H. LEE, | : | |
| Defendant. | : | |

**MEMORANDUM**

**PADOVA, J.**                                                                                    **JUNE  23, 2026**

Plaintiff Kashif Faheem Daniel, an unrepresented litigant, commenced this action by

filing a Complaint ("Compl." (ECF No. 1)) seeking injunctive relief and damages arising from

conduct allegedly engaged in by his neighbor, Defendant Augustine H. Lee.  Daniel has also

filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2).  For the following reasons,

the Court will grant Daniel leave to proceed *in forma pauperis* and dismiss the Complaint

without prejudice for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS[1]**

The nature of Daniel's claims is unclear.  He alleges that the events giving rise to his

claims began in approximately 2024 and have continued through the present.  (Compl. at 3.)  He

alleges that Lee, who, based on the addresses provided for the parties is a near neighbor of

Daniel's, has been linked to "multiple attacks carried out in 2025," and "represents a serious

threat to our community and people across the globe."  (*Id*. at 6.)  Daniel alleges more

---

[1] Unless otherwise noted, the factual allegations set forth in this Memorandum are taken from Daniel's Complaint (ECF No. 1).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Daniel's pleadings will be corrected for clarity.

specifically that Lee has been involved in terror attacks against "the Presbyterian Church Pastor and innocent civilians in Sialkot, Pakistan." (*Id*.)  Additionally, Lee has engaged in "alarming actions" against Daniel, including spying on him, sharing videos and photos of him, and providing details about Daniel's vehicle to unidentified "attackers." (*Id*.)  Lee has also blocked the parking spot closest to Daniel's home and "deliberately position[ed] their own vehicle to prevent the plaintiff from escaping during these attacks multiple times." (*Id*.)  Lee is allegedly working with unidentified "companies, agencies, and individuals" to orchestrate attacks in the United States and elsewhere.  (*Id*.)  He is part of a dangerous network that has played an active role in terror attacks alleged to have occurred close to the Easter holiday and at other times.  (*Id*.)

Daniel seeks an order enjoining Lee from causing him harm and engaging in criminal activity.  (*Id*.)  He also requests a hearing to address his allegations to prevent further attacks on "churches and innocents." (*Id*.)  Additionally, he seeks an investigation into Lee's conduct.  (*Id*. at 7.)  He also seeks money damages.  (*Id*.)

## II.    STANDARD OF REVIEW

The Court will grant Daniel leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  "[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc*., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*,

2

547 U.S. 332, 342 n.3 (2006)).  "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*."  *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotation omitted).

Because Daniel is proceeding *pro se*, the Court construes his allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.* (quoting *Mala*, 704 F.3d at 244).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support."(quoting *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002))).

## III.    DISCUSSION

### A.  Section 1983 Claims

"A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)."  *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (*per curiam*) (quoting 28 U.S.C. §§ 1331) (citing 28 U.S.C. § 1332(a)).  "Because subject matter jurisdiction involves 'a court's power to hear a case,' we have an 'independent

3

obligation to determine whether subject-matter jurisdiction exists.'"  *N.J. Carpenters & Trs. Thereof v. Tishman Const. Corp.*, 760 F.3d 297, 302 (3d Cir. 2014) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006)).

Daniel fails to allege any claim within the Court's federal question jurisdiction.  He cites no federal statute and does not appear to raise a constitutional claim.  Even if he had alleged a constitutional claim, since Lee is apparently sued because he is Daniel's neighbor, he does not appear to be a "state actor" subject to suit under 42 U.S.C. § 1983, the vehicle by which federal claims asserting the violation of the constitution or federal laws may be brought in federal court. *West v. Atkins*, 487 U.S. 42, 49-50 (1988) (describing "state actor" element); *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (stating that "[t]he color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law" (citation omitted)); *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (setting forth tests to determine whether a defendant is a "state actor," none of which apply to the allegations against Defendant Lee).

Daniel has not alleged facts to support a plausible conclusion that Lee is anything other than a private individual, and nothing in his Complaint suggests any factual or legal basis for concluding that Lee is a state actor subject to liability under § 1983.  Because Lee is not a state actor, any § 1983 claims Daniel seeks to assert against him are not plausible and will be dismissed.  Because there is no other basis for federal question jurisdiction and any attempt to cure the § 1983 deficiency would be futile, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002), the federal claims are dismissed for lack of subject matter jurisdiction without prejudice to Plaintiff raising his claims in the appropriate state court.

### B.      State Law Claims

The Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims Daniel seeks to pursue.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.*, 800 F.3d at 104 (alteration in original) (first quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); then *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiffs' burden to establish diversity of citizenship.  *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 287 (3d Cir. 2006) (stating that "the proponent of federal jurisdiction [bears] the burden of establishing diversity of citizenship").

Daniel does not allege the citizenship of the parties and does not allege that the parties are diverse.  Rather, he provides Pennsylvania addresses for himself and Lee and states they are neighbors.  (Compl. at 1, 2.)  Accordingly, Daniel has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

Additionally, although Daniel seeks money damages, he does not allege that the amount in controversy in this case exceeds $75,000.  "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997) (quotation omitted).  "The sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotation omitted).  For this reason, too, Daniel has failed to satisfy his burden of establishing the existence of diversity jurisdiction, and his state law claims, accordingly, will be dismissed for lack of subject matter jurisdiction.  Daniel will not be granted leave to amend these claims, because it appears that to do so would be futile.  He may pursue these claims in an appropriate state court.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Daniel leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction.

An appropriate Order will be entered separately.  Fed. R. Civ. P. 58(a).

**BY THE COURT:**

/s/ John R. Padova

**JOHN R.  PADOVA, J.**

6